No. 23-10420

Commodity Futures Trading Commission; Alabama Securities Commission; State of Alaska; Arizona Corporation Commission; California Commissioner of Business Oversight; Colorado Securities Commissioner; State of Delaware; State of Florida; Office of the Attorney General and State of Florida Office of Financial Regulation; Office of the Georgia Secretary of State; State of Hawaii; Securities Enforcement Branch, State of Hawaii; Idaho Department of Finance; Indiana Securities Commissioner; Douglas M. Ommen, Iowa Insurance Commissioner; Office of the Kansas Securities Commissioner; Kentucky Department of Financial Institutions; Maine Securities Administrator; State of Maryland, Ex Rel Maryland Securities Commissioner; Dana Nessel, Attorney General, on Behalf of the People of Michigan; Mississippi Secretary of State; Nebraska Department of Banking & Finance; Office of the Nevada Secretary of State; New Mexico Securities Division; The People of the State of New York, By Letitia James; Attorney General of the State of New York; Oklahoma Department of Securities; South Carolina Attorney General; South Carolina Secretary of State; South Dakota Department of Labor & Regulation; Division of Insurance, State of South Dakota; Commissioner of the Tennessee Department of Commerce and Insurance; State of Texas; Washington State Department of Financial Institutions; West Virginia Securities Commission; State of Wisconsin; Elizabeth Marie Schmitt,

*Plaintiffs-Appellees*

v.

TMTE, Incorporated; et al,

*Defendants*

Kelly Crawford,

*Appellee*

v.

Daniel Bruce Spitzer,

*Appellant*

**APPELLEE-RECEIVER'S PARTIALLY OPPOSED
MOTION TO SUPPLEMENT RECORD ON APPEAL**

Appellee Kelly Crawford, Receiver, files this motion to supplement the record on appeal with the district court's July 16, 2023, Order Authorizing Receiver to Make Interim Distribution.

1. This appeal arises from Plaintiff-Appellee U.S. Commodity Futures Trading Commission's ("CFTC")[1] civil-enforcement action against Defendants, pursuant to which Defendants have been placed into an equitable receivership and Appellee Kelly Crawford has been appointed Receiver. ROA.82, 1955, 1967.

2. Non-party Appellant Daniel B. Spitzer ("Spitzer") filed an unsecured-creditor claim with the Receiver for attorney's fees accrued representing Defendants in ancillary litigation pre-dating the receivership. ROA.6054-6056. He then filed an objection to the Receiver's Claims Report, which recommended subordinating his claim to defrauded investors. ROA.4828, 4842-4843, 6054.

3. On March 24, 2023, the district court issued an order overruling Spitzer's objection to the Receiver's Claims Report and approving the Receiver's recommendation to subordinate Spitzer's claim (the "Subordination Order"). ROA.8613.

4. On April 24, 2023, Spitzer filed this appeal from the Subordination Order. ROA.8755.[2]

---

[1] Thirty States have joined the CFTC in its suit. ROA.121-168.

[2] Also on March 24, 2023, the district court denied a motion Spitzer had filed seeking to dismiss the underlying case for lack of subject matter jurisdiction (the "MTD Order"). ROA.7835, 8614.

5.      On July 6, 2023, the record on appeal was filed.

6.      On July 16, 2023, the district court entered its "Order Authorizing Receiver to Make Interim Distribution" (the "July 16 Order"). D.Ct. Dkt. 614.

7.      On July 18, 2023, a supplemental record on appeal was filed. However, the July 16 Order was not included in the supplement.

8.      A true and correct copy of the July 16 Order is attached as Exhibit A.

9.      The CFTC does not oppose the relief sought by this motion.

10.     Spitzer *does* oppose the relief sought by this motion. Specifically, in an email to counsel for the Receiver (a true and correct copy of which is attached as Exhibit B), Spitzer stated that he "[does] not see the relevance of [the July 16 Order] to the issues raised in [his] appeal," and that the Receiver "may note that the inclusion of this document is opposed, on two grounds"[:]

> First, as above, is the fact that this document is irrelevant to the subject matter of my appeal. Whether or not the Receiver has sequestered sufficient funds to cover my claim is quite irrelevant to the issues on appeal.

> Second, and more fundamentally, I question what role the Receiver has in this proceeding at all. The Receiver is not a party to this case or to this appeal. The appeal is brought from the order adopting a plan of distribution proposed by the receiver, as the agent of the Commodity Futures Trading Commission (CFTC). If anyone is to appear in this proceeding, it is the CFTC, not the receiver. Certainly as to the issues raised in my appeal concerning subject matter jurisdiction

---

Spitzer included both the Subordination Order and the MTD Order in his notice of appeal. ROA.8755. On May 25, 2023, the CFTC moved this Court to dismiss Spitzer's appeal of the MTD Order for lack of appellate jurisdiction. *See* Plaintiff-Appellee's Motion to Partially Dismiss (Doc. 20-1). On July 3, 2023, the Court granted CFTC's motion. *See* Unpublished Order (Doc. 51-2).

under the Commodities Exchange Act, the receiver has no role whatsoever considering or responding to any appellate arguments.

For future reference, I will be opposing any fee applications by the receiver from the receivership estate in furtherance of the appeal of this matter, since the receiver has no legitimate role in this appellate proceeding.

*See* Ex. B at 1.

11.     Inclusion of the July 16 Order in the record on appeal will provide a more complete record for the Court in its consideration of the appeal. The appellate record already includes (a) the Receiver's Agreed Motion for an Interim Distribution to Approved Claimants (a distribution agreed to by the Receiver, the Plaintiffs, *and the Defendants*), ROA.8788-8790, (b) Objection of Daniel B. Spitzer to Receiver's Motion for Interim Distribution, ROA.8798, (c) the Receiver's Response to Creditor Daniel Spitzer's Objection to Interim Distribution, ROA.8849, and (d) the Plaintiffs' Response in Opposition to Non-Party Daniel B. Spitzer's Objection to Receiver's Motion for Interim Distribution, ROA.8853. The July 16 Order simply closes the loop on the briefing already included in the record on appeal relating to the interim distribution.

12.     Further, in the July 16 Order, the district court noted that "the proposed interim distribution would not prejudice Spitzer because it would still leave enough funds in the receivership account to pay Spitzer's pro rata share if either of his appeals succeeds." Ex. A at 2. The Subordination Order is an interlocutory order. Spitzer claims the Order is appealable before final judgment "by virtue of the

collateral order doctrine." *See* Brief of Appellant Daniel B. Spitzer at 4. The district court's finding in the July 16 Order that the interim distribution would not prejudice Spitzer if his appeal succeeds might be relevant to the Court's determination of its jurisdiction over this appeal. Accordingly, the July 16 Order should be included in the record on appeal.[3]

**PRAYER**

For these reasons, Appellee Kelly Crawford respectfully requests that the Court supplement the record on appeal with the July 16 Order.

---

[3] Further, as an Appellee herein and an officer and agent *of the district court* (not the CFTC), of course the Receiver is party to this case and this appeal.

Respectfully submitted,

*/s/ LaDawn H. Nandrasy*
LaDawn H. Nandrasy
Texas Bar No. 04715800
ladawn.nandrasy@solidcounsel.com
Peter C. Lewis
Texas Bar No. 12302100
peter.lewis@solidcounsel.com
David Wills
Texas Bar No. 24127171
david.wills@solidcounsel.com
SCHEEF & STONE, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
T: (214) 706-4200

ATTORNEYS FOR APPELLEE KELLY
CRAWFORD, RECEIVER

## CERTIFICATE OF CONFERENCE

I certify that on September 6, 2023, I conferred with Conor Daly, counsel for the CFTC, and he stated that the CFTC does not oppose the relief requested by this Motion.

I certify that on September 5, 2023, I conferred with non-party Appellant Daniel Spitzer and he stated that he is opposed to the relief requested by this Motion, on the grounds quoted above in paragraph 10 (*see also* Ex. B).

*/s/ LaDawn H. Nandrasy*
LaDawn H. Nandrasy

**CERTIFICATE OF SERVICE**

I certify that on September 6, 2023, a copy of this Motion was filed electronically with the Court and served via the Court's CM/ECF Document Filing System on all counsel of record.

*/s/ LaDawn H. Nandrasy*
LaDawn H. Nandrasy

**CERTIFICATE OF COMPLIANCE**

1.      I certify this Motion complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f), this motion contains 899 words.

2.      I certify that this Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ LaDawn H. Nandrasy*
LaDawn H. Nandrasy

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMODITIES FUTURES TRADING COMMISSION, et al., | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No. 3:20-CV-2910-X |
| TMTE, INC., et al. | § § | |
| *Defendants*. | § § § | |

## <u>ORDER AUTHORIZING RECEIVER TO MAKE INTERIM DISTRIBUTION</u>

Before the Court is the Receiver's Motion for an Interim Distribution to Approved Claimants. [Doc. 545]. All plaintiffs and defendants agree to the motion.[1]

After a hearing, the Court entered an order approving the Receiver's Revised Claims Report, which recommended the approval of $67,906,550 in claims by 1,043 metals investors and $4,354,449 in claims by 15 non-metals investors (collectively, the "Approved Claimants").[2]  In accordance with that order, the Receiver now proposes to make an interim distribution of $8 million from the receivership account on a pro rata basis to the Approved Claimants.

The only objection to the Receiver's motion comes from creditor Daniel Spitzer.[3] Spitzer argues that (1) he should have been included in the pre-motion conference,

---

[1] The Court finds that the defendants' consent to the interim distribution is without prejudice to their defenses to the claims asserted by the plaintiffs in this lawsuit and that the defendants expressly reserve all such defenses in consenting to the interim distribution.

[2] Doc. 465.

[3] Doc. 547.

(2) the Court should wait to rule on the motion due to Spitzer's pending appeals of the Court's orders overruling Spitzer's objection to the Receiver's Claims Report and denying Spitzer's motion to dismiss, and (3) the Court should deny all requests for distributions until all claims in the case have been settled.

Each of Spitzer's arguments lacks merit.  First, movants need not confer with non-parties under the Local Rules, and Spitzer is a non-party.  The Receiver conferenced with all parties, so this objection fails.  Second, Spitzer cites no authority demonstrating why the Court must wait to approve any distributions until all appeals have been exhausted in this case.  The Court further notes that the proposed interim distribution would not prejudice Spitzer because it would still leave enough funds in the receivership account to pay Spitzer's pro rata share if either of his appeals succeeds.  Third and finally, a receiver may make interim distributions before a case has been fully adjudicated on the merits, especially where, as here, the defendants specifically agree to an interim distribution before their liability has been determined.[4]  Thus, the Court **OVERRULES** Spitzer's objection.

The Court **GRANTS** this request and **AUTHORIZES** the Receiver to make an interim distribution of $8 million currently held in the receivership account to the Approved Claimants on a pro rata basis.  The Court **ORDERS** the Receiver to submit a separate motion with the specific amounts payable to each approved claimant.

---

[4] *S.E.C. v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 331–32 (5th Cir. 2001).

**IT IS SO ORDERED,** this 16th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**From:** Daniel B. Spitzer
**Sent:** Tuesday, September 5, 2023 6:22 PM
**To:** LaDawn Nandrasy
**Cc:** cdaly@cftc.gov; cryall@cftc.gov; Peter Lewis
**Subject:**                                                        RE: No. 23-10420, CFTC v. TMTE, Inc., in the Fifth
                                                                Circuit Court of Appeals

---

**CAUTION:** EXTERNAL EMAIL

Ms. Nandrasy –

Thank you for your email.

I do not see the relevance of this document to the issues raised in my appeal. Therefore, you may note that the inclusion of this document is opposed, on two grounds.

First, as above, is the fact that this document is irrelevant to the subject matter of my appeal. Whether or not the Receiver has sequestered sufficient funds to cover my claim is quite irrelevant to the issues on appeal.

Second, and more fundamentally, I question what role the Receiver has in this proceeding at all. The Receiver is not a party to this case or to this appeal. The appeal is brought from the order adopting a plan of distribution proposed by the receiver, as the agent of the Commodity Futures Trading Commission (CFTC). If anyone is to appear in this proceeding, it is the CFTC, not the receiver. Certainly as to the issues raised in my appeal concerning subject matter jurisdiction under the Commodities Exchange Act, the receiver has no role whatsoever considering or responding to any appellate arguments.

For future reference, I will be opposing any fee applications by the receiver from the receivership estate in furtherance of the appeal of this matter, since the receiver has no legitimate role in this appellate proceeding.

*Daniel B. Spitzer* *
Law Offices of Daniel B. Spitzer
16311 Ventura Boulevard Suite 1200
Encino, California 91436-2152
Telephone 818-990-9700
Facsimile 818-990-9705
Email dspitzer@spitzeresq.com

*\* Certified Specialist – Legal Malpractice Law*
*  State Bar of California Board of Legal Specialization*

This message contains privileged and confidential attorney-client communications or attorney work-product, and is intended only for the use of the individual or entity to which it is addressed. Unauthorized use, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify me immediately.  Thank you.

**From:** LaDawn Nandrasy <ladawn.nandrasy@solidcounsel.com>
**Sent:** Tuesday, September 5, 2023 2:36 PM
**To:** Daniel B. Spitzer <dspitzer@spitzeresq.com>
**Subject:** No. 23-10420, CFTC v. TMTE, Inc., in the Fifth Circuit Court of Appeals

Good afternoon, Mr. Spitzer.

I represent the Receiver, Kelly Crawford, in the referenced appeal. On behalf of the Receiver, I intend to file a motion asking the Fifth Circuit to supplement the record on appeal with the district court's July 16, 2023, Order Authorizing Receiver to Make Interim Distribution. (Doc. 614.)

May I put you down as unopposed?

Thank you,
LaDawn

**LaDawn Nandrasy** PARTNER
**Scheef & Stone, LLP**
**www.solidcounsel.com | 214.706.4228**
Office: 214.706.4200 | Fax: 214.706.4242
500 North Akard Street, Suite 2700, Dallas, Texas 75201



**Important:** This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are neither the intended recipient nor an employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

**Note:** Please be advised that Scheef & Stone, LLP reserves the right to record telephone conversations involving its employees or attorneys. If you do not wish to be recorded, please limit your communications with Scheef & Stone, LLP to regular mail, faxes, and/or electronic mail.